12-1298
Diallo v. Holder

BIA
Van Wyke, IJ
A098 906 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
      ROBERT A. KATZMANN,
      DENNY CHIN,
      CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

MAMADOU KOULABIOU DIALLO,
      *Petitioner,*

     v.                    12-1298
                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York

FOR RESPONDENT:     Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; James A.
                       Hunolt, Senior Litigation Counsel;
                       Jesse D. Lorenz, Trial Attorney,

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Koulabiou Diallo, a native and citizen of Guinea, seeks review of a March 8, 2012, order of the BIA affirming the December 16, 2009, decision of Immigration Judge ("IJ") William Van Wyke denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Koulabiou Diallo*, No. A098 906 110 (B.I.A. Mar. 8, 2012), *aff'g* No. A098 906 110 (Immig. Ct. N.Y. City Dec. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications like

Diallo's, submitted prior to the passage of the REAL ID Act, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003) (quotations omitted), *superseded by statute as recognized by Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam)*; Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Here, substantial evidence supports the agency's adverse credibility determination.

The agency concluded that Diallo was not credible because he provided inconsistent testimony and evidence about several important aspects of his claim for relief, including, for example, when he joined the Rally for the People of Guinea Party, what he did while he was purportedly in hiding following his detention in 2004, and whether his parents were politically active in Guinea. These inconsistencies were not minor or isolated, but related directly to the basis of Diallo's claim that he suffered past persecution on account of his political activities. *Secaida-Rosales*, 331 F.3d at 307. Taken cumulatively, they

3

cast doubt on the veracity of Diallo's claim that he was politically active in Guinea and persecuted on account of those activities, and they support the agency's finding that he was not credible. *See Tu Lin*, 446 F.3d at 402.

Diallo also argues that the agency failed to take his explanations for the inconsistencies into account. However, the IJ considered, and reasonably rejected as unsatisfactory, Diallo's explanations for the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotations omitted)). Specifically, as the agency noted, Diallo failed to offer any explanation as to why he could not name the capital of Guinea, despite filing a detailed asylum statement that suggested at least basic political knowledge. In addition, though Diallo testified he joined his political party in 1993 and his application stated he joined in 1997, his explanation was that there was no discrepancy. Furthermore, Diallo's explanations that he had not understood the questions regarding whether he emerged from hiding to do

4

anything except get food, and whether his parents were members of a political party were unconvincing as the questions were clear and were asked numerous times before the contradiction was pointed out to him. As the explanations would not compel a factfinder to credit the testimony, the agency properly relied on the cumulative effect of the inconsistencies in making the adverse credibility determination. *See Tu Lin*, 446 F.3d at 402.

Given the multiple inconsistencies, the agency's adverse credibility determination is supported by substantial evidence. *See Secaida-Rosales*, 331 F.3d at 307. Moreover, the adverse credibility determination provided an adequate basis for denying asylum, withholding of removal, and CAT relief because the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk